BRYAN SCHWARTZ LAW
Bryan J. Schwartz (SBN 209903)
Email: bryan@bryanschwartzlaw.com
Yi-Fan C. Everett (SBN 301815)
Email: yvonne@bryanschwartzlaw.com
1330 Broadway, Suite 1630
Oakland, CA 94612
Telephone: (510) 444-9300
Facsimile: (510) 444-9301

*Attorneys for Individual and Representative Plaintiff and the Putative Class*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Sean Mar, individually, on behalf of others similarly situated, and on behalf of the general public,<br><br>Plaintiff,<br><br>vs.<br><br>Genuine Parts Company, NAPA Auto Parts, and DOES 1-10, inclusive<br><br>Defendants. | Case No.: _____<br><br>**CLASS AND COLLECTIVE ACTION**<br><br>**COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF**<br><br>1. **Violation of Fair Labor Standards Act 29 U.S.C. § 207**<br>2. **Violation of California Labor Code §§ 510, 1194, and 1198, and IWC Wage Order(s)**<br>3. **Failure to Provide Itemized Wage Statements (Cal. Labor Code § 226)**<br>4. **Failure to Provide and/or Authorize Meal and Rest Periods (California Labor Code §§ 512, 226.7, and IWC Wage Order(s))**<br>5. **Violation of Cal. Business and Professions Code § 17200, *et seq.***<br><br>**DEMAND FOR JURY TRIAL** |

## I. PRELIMINARY STATEMENT

1. This is a collective and class action brought by Individual and Representative Plaintiff Sean Mar on his own behalf and on behalf of the proposed Collective and California Classes identified below. Plaintiff and the putative class members were or are employed by Defendant Genuine Parts Company ("Genuine Parts Company" or "Defendant GPC") and its subsidiary NAPA Auto Parts ("NAPA Auto Parts" or Defendant NAPA") (collectively, "Defendants") as Executive Management Trainees (and other similar positions).

2. As Executive Management Trainees, Plaintiff and the putative class members are and were non-exempt employees under federal and state wage and hour laws and should have been classified as such and received overtime pay consistent with the requirements of these laws. These employees are similarly situated under Federal Rule of Civil Procedure 23 and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

3. The Collective Class is made up of all persons who are or have been employed by Defendants as Executive Management Trainees in the United States within three years prior to this action's filing date through the date of final disposition of this action (the "Collective Class Period").

4. The California Class is made up of all persons who are or have been employed by Defendants as Executive Management Trainees in the State of California within four years prior to this action's filing date through the date of final disposition of this action (the "California Class Period").

5. During the Collective Class Period and the California Class Period, Defendants failed to pay appropriate overtime compensation to each member of the Collective Class and California Class as required by federal and state law. Plaintiff seeks relief for the Collective Class under the federal Fair Labor Standards Act, and for the California Class pursuant to applicable state law, rules, regulations, and Wage Orders of the Industrial Welfare Commission ("IWC"). The relief sought is to remedy the Defendants' failure to: pay appropriate overtime

compensation, provide or authorize meal and rest periods, and maintain accurate time records, in addition to restitutionary and injunctive relief.

## II.    THE PARTIES

6. Individual and representative Plaintiff Sean Mar ("Mar") resides in Sacramento, California. He was hired by the U.S. Automotive Parts Group, the largest division of the Genuine Parts Company, as an "Executive Management Trainee" ("EMT") on or around April 10, 2014. He had been working for the Fresno Store and Distribution Center throughout his employment until he was terminated on or about March 17, 2015. Plaintiff Mar brings his claim on behalf of himself and the Collective and California Classes. A written consent form for Plaintiff Mar is attached as Exhibit A.

7. Upon information and belief, Defendant Genuine Parts Company (GPC) is a Georgia Corporation headquartered in Georgia that does business and maintains offices in many states throughout the United States, including California.

8. Upon information and belief, Defendant Genuine Parts Company engages in the distribution of automotive replacement parts, industrial replacement parts, office products and electrical/electronic materials. The Automotive Parts Group, the largest division of the Genuine Parts Company, distributes automotive parts and accessory items.

9. Upon information and belief, Defendant NAPA Auto Parts is a subsidiary of Defendant GPC. Defendant GPC is the sole member of the National Automotive Parts Association ("NAPA"), a voluntary trade association formed in 1925 to provide nationwide distribution of automotive parts. In general, Defendant GPC's Automotive Parts Group includes NAPA automotive parts distribution centers and NAPA auto parts stores. There are currently more than 6000 NAPA Auto Parts stores.

10. Defendants Does 1-10, inclusive, are sued herein under fictitious names. Their true names and capacities are unknown to Plaintiff. When their true names and capacities are ascertained, Plaintiff will amend this complaint by inserting their true names and capacities herein. Plaintiff is informed and believes and thereon alleges that each of the fictitiously-named

Defendants is responsible in some manner for the occurrences herein alleged, and that the damages of Plaintiff and the putative class members herein alleged were proximately caused by such Defendants.

11. Plaintiff is informed, believes, and thereon alleges that each of the Defendants herein was at all times relevant to this action the agent, employee, representative partner, and/or joint venturer of the remaining Defendants and was acting within the course and scope of the relationship. Plaintiff is further informed, believes, and thereon alleges that each of the Defendants herein gave consent to, ratified and authorized the acts alleged herein to the remaining Defendants.

### III.   JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, as this case is brought under the FLSA, 29 U.S.C. §§ 207, 216(b). The representative Plaintiff has signed a consent form to join this lawsuit, attached hereto as Exhibit A. This Court has original jurisdiction over all of the state and federal claims herein under the Class Action Fairness Act, 28 U.S.C. § 1332(d) because, upon information and belief, the amount in controversy exceeds $5,000,000 and the parties are citizens of diverse jurisdictions. This Court also has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

13. This Court has personal jurisdiction over Defendants because Defendants maintain offices in this district, does business in California and in this district, and because many of the acts complained of and giving rise to the claims alleged occurred in California and in this district.

14. Venue is proper in the United States District Court for the Eastern District of California pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims set forth herein occurred in this district.

### IV.   GENERAL FACTUAL ALLEGATIONS

15. EMTs are positions created under the Executive Management Trainee Program, which lasts about 18 months. All EMTs partner with a designated coach, who is usually an

3
CLASS AND COLLECTIVE ACTION COMPLAINT

experienced operations or general manager, to manage these trainees. Upon successful completion of the training program, EMTs may be hired as a manager and may relocate to anywhere within the U.S.

16. Plaintiff Sean Mar was offered the EMT position not long after he graduated from college. He had no prior experience or knowledge relating to automotive parts. During his employment with Defendants, he would shadow the store managers and complete the projects his coach or other managers directed him to finish.

17. Plaintiff had no authority to hire or fire other employees or give weighty suggestions as to other employees' employment status.

18. Plaintiff, as an EMT, did not have the authority to direct the work of subordinate employees.

19. Plaintiff did not have the ability to exercise discretion and independent judgment in the performance of his EMT duties with respect to any matters of significance. He followed the directions of the store or distribution center managers and his coach throughout his employment with Defendants.

20. Plaintiff was directly referred to, by other employees in the Fresno store, as "just as a trainee" and one employee remarked about Plaintiff, "you don't have to listen to him," evincing his lack of management authority. After being trained as an EMT for almost 10 months, in January 2015, Plaintiff's primary duty was still shadowing the manager who supervised him, without being afforded an opportunity to lead a group of employees.

21. Throughout his employment as an EMT with Defendants, Plaintiff was constantly reminded by his supervisors that he should spend all of his time shadowing the managers and doing the tasks, such as stocking, placing orders, shipping orders, and cleaning, etc., in the way he was directed to do, in the stores and distribution centers, so that he could know how to manage people in these mundane tasks if he got promoted to a manager position by Defendants after completing the 18-month Training Program.

22. Plaintiff regularly worked at least 9.5 hours per day (more than 40 hours per week) without being paid any overtime. While Plaintiff was trained at Jensen Store 003 under manager Ruben Florez, or was assisting with opening or closing a NAPA auto parts store, Plaintiff regularly worked at least 12 hours per day. Plaintiff complained to Jennifer Brown, the Human Resource Manager at the Fresno Distribution Center, shortly after he worked more than 12 hours per day each day for weeks under Mr. Florez's supervision, without being paid overtime. Yet, Plaintiff received no response to his complaint.

23. Plaintiff rarely had duty-free rest breaks even though he worked at least 9.5 hours per day. Plaintiff was never informed of his right to duty-free rest breaks.

24. Plaintiff was frequently compelled to rush through lunch, and constantly needed to multitask during meal periods, especially while he was trained in a NAPA Auto Parts store. Plaintiff was never informed of his right to duty-free meal periods.

25. Plaintiff's pay statement failed to record Plaintiff's hourly rate and working hours for each pay period because Plaintiff was classified, pursuant to his pay statement, as an exempt employee with a fixed earnings up to $ 1,875 semimonthly.

26. Upon information and belief, other EMTs nationwide similarly lacked authority and performed non-exempt tasks for long hours without overtime or off-duty breaks, like Plaintiff.

### V. COLLECTIVE ACTION ALLEGATIONS

27. Plaintiff brings this action on behalf of himself and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are:

**Collective Class:** All persons who are or have been employed by Defendants as Executive Management Trainees, including employees performing the same or similar duties for Defendants, within the United States at any time from three years prior to the filing of this Complaint to the final disposition of this case.

28. Upon information and belief, Defendants suffered and permitted Plaintiff and the Collective Class to work more than forty hours per week without appropriate overtime compensation.

29. Defendants' unlawful conduct has been widespread, repeated, and consistent.

30. Upon information and belief, Defendants knew that Plaintiff and the Collective Class performed work that required overtime pay.

31. Upon information and belief, Defendants misclassified Plaintiff and members of the Collective Class as "exempt" from federal and state overtime laws. Defendants misrepresented to these employees that they were "exempt" and therefore were not entitled to overtime pay for hours worked in excess of forty a week.

32. Upon information and belief, Defendants Plaintiff and the Collective Class members are not learned professionals as defined by the FLSA.

33. Plaintiff and the Collective Class members have performed no sales, *i.e.*, generating no new business for Defendants. Rather, they have conducted projects that are assigned to them to complete under their supervisors' direction.

34. The primary duties of Plaintiff and the Collective Class consist of routine assignments from a series of progressive rotations (three months at stores, three months at distribution centers, three months at a sales team and six months learning general operations), designed to make them engage in all operational aspects of Defendants' distribution centers and stores. Plaintiff and the Collective Class members' primary duties have always been non-exempt in nature.

35. Plaintiff and the Collective Class are required to follow instructions from or shadow their coaches or supervising managers as part of their EMT program, with few or no opportunities to use their independent discretion or judgement.

36. Plaintiff and the Collective Class members do not customarily and regularly direct the work of at least two full-time employees themselves.

37. Defendants do not give Plaintiff and the Collective Class members the authority to hire or fire other employees. Neither do they give particular weight to Plaintiff and Collective Class members' suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees.

38. Plaintiff and the Collective Class members have no authority to create policy or waive or deviate from established policies and procedures without obtaining prior approval from their supervisors or coaches. All of their work that might affect business operations is supervised closely by their supervisors or coaches.

39. Defendants' conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the Collective Class.

40. Defendants are liable under the FLSA for failing to properly compensate Plaintiff and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendant who have been denied overtime pay in violation of the FLSA who would benefit from the issuance of a Court-supervised notice of the present lawsuit and the opportunity to join in the present lawsuit. Those similarly-situated employees are known to Defendant and are readily identifiable through Defendant's records.

## VI.    CALIFORNIA CLASS ALLEGATIONS

41. Plaintiff brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the following defined class:

**Proposed California Class:** All persons who are or have been employed by Defendants as Executive Management Trainees, including any other employee performing the same or similar job duties for Defendants, within the State of California at any time from four years prior to the filing of this Complaint to the final disposition of this case.

42. Plaintiff, on behalf of himself and the California class, alleges and incorporates by reference the allegations in the preceding paragraphs.

43. <u>Numerosity</u>: The Proposed California Class is so numerous that joinder of all members is impracticable. Plaintiff is informed and believes, and on that basis alleges, that during the relevant time period, Defendants employed at least several dozen people who are geographically dispersed and who satisfy the definition of the Proposed California Class.

44. <u>Typicality</u>: Plaintiff's claims are typical of the members of the Proposed California Class. Plaintiff is informed and believes that Executive Management Trainees routinely worked more than eight hours per day and more than 40 hours per week during the Class Period. Plaintiff had the same duties and responsibilities as other Class members and was subject to Defendants' policy and practice of: improperly treating and classifying these employees as "exempt" from state overtime law; misrepresenting to these employees that they were exempt from state overtime law; improperly failing to pay appropriate overtime compensation for all hours worked; failing to provide or authorize meal and rest breaks in compliance with state laws; failing to maintain accurate time records of hours worked by the Proposed California Class; and failing to issue accurate itemized wage statements to these individuals.

45. <u>Superiority</u>: A class action is superior to other available methods for the fair and efficient adjudication of this controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against large corporate defendants, and fear retaliation and blackballing in their industry. Prosecuting dozens of identical individual lawsuits statewide does not promote judicial efficiency, equity, or consistency in judicial results.

46. <u>Adequacy</u>: Plaintiff will fairly and adequately protect the interests of the Proposed California Class, has no conflicts with the Proposed California Class's interests, and has retained counsel experienced in complex wage and hour class and collective action litigation.

47. <u>Commonality</u>: Common questions of law and fact exist as to all members of the Proposed California Class and predominate over any questions solely affecting individual members of the Proposed California Class, including but not limited to:

A. Whether Defendants improperly classified Plaintiff and members of the Proposed California Class as exempt;

B. Whether Defendants unlawfully failed to fully pay appropriate overtime compensation to members of the Proposed California Class in violation of state wage laws;

C. Whether Defendants' policies and practices provide and/or authorize meal and rest periods in compliance with applicable state laws;

D. Whether Defendants failed to keep accurate time records for all hours worked by the Plaintiff and the Proposed California Class in violation of state wage laws;

E. Whether Defendants provided adequate itemized wage statements to the Plaintiff and the California Class pursuant to applicable state wage laws;

F. The proper measure of damages sustained by the Proposed California Class; and

G. Whether Defendants' actions were "willful."

48. This case is maintainable as a class action under Fed. R. Civ. P. 23(b)(1) because prosecution of actions by or against individual members of the class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendants. Further, adjudication of each individual member's claim as a separate action would be dispositive of the interest of other individuals not party to this action, impeding their ability to protect their interests.

49. Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Proposed California Class predominate over any questions affecting only individual members of the Proposed California Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendants' common and uniform policies and practices denied the Proposed California Class members the overtime pay to which they are entitled. The damages suffered by

the individual Proposed California Class members are small compared to the expense and burden of individual prosecution of this litigation. Proposed California Class members fear workplace retaliation and being "blackballed" from obtaining future employment. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

50. Plaintiff intends to send notice to all members of the Proposed California Class to the extent required by Rule 23. The names and addresses of the members of the Proposed California Class are available from Defendants.

## FIRST CLAIM FOR RELIEF

**Failure to Pay Overtime Compensation in Violation of the Fair Labor Standards Act**

**(On Behalf of Plaintiff and the Collective Class)**

51. Plaintiff, on behalf of himself and the collective class, alleges and incorporates by reference the allegations in the preceding paragraphs.

52. Plaintiff consents in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b). Plaintiff's written consent form is attached hereto as Exhibit A. Plaintiff anticipates that other individuals will continue to sign consent forms and join as plaintiffs.

53. At all relevant times, Defendants have been, and continue to be, the "employers" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendants have employed and continue to employ employees, including Plaintiff and the Collective Class. At all relevant times, upon information and belief, Defendants have had gross operating revenues in excess of $500,000.

54. The FLSA requires each covered employer, such as Defendants, to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours per work week.

55. During their employment with Defendants, within the applicable statute of limitations, Plaintiff and the other Collective Class members worked in excess of forty hours per

workweek. Despite the hours worked by Plaintiff and the Collective Class members, Defendants willfully, in bad faith, and in knowing violation of the FLSA, failed and refused to pay them the appropriate overtime compensation for all the hours worked in excess of forty.

56. By failing to accurately record, report, and/or preserve records of hours worked by Plaintiff and the Collective Class, Defendants have failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201 *et seq*.

57. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

58. Plaintiff, on behalf of himself and the Collective Class, seeks damages in the amount of their respective unpaid overtime compensation, liquidated damages from three years immediately preceding the filing of this action, plus interests and costs as allowed by law, pursuant to 29 U.S.C. §§ 216(b) and 255(a), and such other legal and equitable relief as the Court deems just and proper.

59. Plaintiff, on behalf of himself and the Collective Class, seeks recovery of his attorneys' fees and costs to be paid by Defendants, as provided by the FLSA, 29 U.S.C. § 216(b).

**SECOND CLAIM FOR RELIEF**

**Failure to Pay Overtime Compensation in Violation of California Law**

**(On Behalf of Plaintiff and the California Class)**

60. Plaintiff, on behalf of himself and the California Class, alleges and incorporates by reference the allegations in the preceding paragraphs.

61. At all relevant times herein, IWC Wage Order No. 7 (8 C.C.R. § 11070) and California Labor Code § 510 required employers, like Defendants, to pay overtime premiums for hours worked in excess of 8 in a given workday, 40 in a given workweek, or on the seventh day worked in a single workweek. Pursuant to California Labor Code § 1198, it is unlawful to employ persons for hours longer than the hours set by the Industrial Welfare Commission ("IWC"), or under conditions prohibited by the applicable wage orders of the IWC.

62.     Plaintiff is informed and believes, and thereon alleges, that members of the Class worked in excess of eight hours per day and in excess of 40 hours per week, and Defendants unlawfully failed to pay members of the Class the proper overtime compensation required in violation of IWC Wage Order 7 (8 C.C.R. § 11070) and California Labor Code §§ 510 and 1198. Pursuant to California Labor Code § 1194, Plaintiff and the other Class members are entitled to recover their unpaid overtime compensation.

63.     As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff and the Class have sustained damages, including loss of earnings for hours of overtime worked on behalf of Defendants, in an amount to be established at trial, plus damages, interest, attorneys' fees and costs.

### THIRD CLAIM FOR RELIEF

**Failure to Provide Accurate Itemized Wage Statements**

**(On Behalf of Plaintiff and the California Class)**

64.     Plaintiff, on behalf of himself and the California Class, alleges and incorporates by reference the allegations in the preceding paragraphs.

65.     California Labor Code § 226(a) provides that, at the time of each payment of wages, an employer shall provide each employee with a wage statement itemizing, among other things, the total hours worked by the employee in the pay period. California Labor Code § 226(e) provides that an employee suffering injury as a result of a knowing and intentional failure by an employer to comply with Labor Code § 226(a) may recover the greater of his or her actual damages or a penalty of $50 for the initial pay period in which a violation occurs and $100 per employee for each violation in a subsequent pay period (up to a maximum of $4,000), in addition to attorneys' fees and costs.

66.     Defendants knowingly and intentionally failed to provide timely, accurate, itemized wage statements including, *inter alia*, of hours worked, to Plaintiff and the California Class in accordance with Labor Code § 226(a). Such failure caused injury to Plaintiff and the California Class members, by, among other things, impeding them from knowing the total hours

worked and the amount of wages to which they are and were entitled. Plaintiff and the California Class are therefore entitled to the damages and penalties provided for under Labor Code § 226(e). Additionally, pursuant to Code of Civil Procedure § 1021.5, *inter alia,* Plaintiff and the California Class are entitled to attorneys' fees and costs. Pursuant to Labor Code § 226(g), Plaintiff is also entitled to seek injunctive relief requiring Defendants to comply with Labor Code § 226(a).

## FOURTH CLAIM FOR RELIEF

### Failure to Provide Rest Breaks and Meal Periods

### (On Behalf of Plaintiff and the California Class)

67. Plaintiff, on behalf of himself and the California Class, alleges and incorporates by reference the allegations in the proceeding paragraphs.

68. California Labor Code § 512 prohibits an employer from employing an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, or for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes.

69. Section 11 of Wage Order No. 7 provides (and at all times relevant hereto provided) in relevant part that:

> No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee. Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time.
>
> If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

70. Section 12 of Wage Order No. 7 provides (and at all times relevant hereto provided) in relevant part that:

> Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (31/2) hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages. If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

71. California Labor Code § 226.7 prohibits any employer from requiring any employee to work during any meal or rest period mandated by an applicable IWC wage order, and provides that an employer that fails to provide an employee with a required rest break or meal period shall pay that employee one additional hour of pay at the employee's regular rate of compensation for each work day that the employer does not provide a compliant meal or rest period.

72. Defendants failed to provide Plaintiff and California Class members with meal periods as required by law, and failed to authorize and permit the Plaintiff and California Class members to take rest periods as required by law.

73. Plaintiff and the California Class members are therefore entitled to payment of the meal and rest period premiums as provided by law. Additionally, pursuant to Code of Civil Procedure § 1021.5, Plaintiff and the California Class are entitled to attorneys' fees and costs.

### FIFTH CLAIM FOR RELIEF

**Unfair Practice under the Unfair Competition Act**

**(On Behalf of Plaintiff and the California Class)**

74. Plaintiff, on behalf of himself and the California Class, alleges and incorporates by reference the allegations in the preceding paragraphs.

14
CLASS AND COLLECTIVE ACTION COMPLAINT

75. Section 17200 of the California Business and Professions Code – California's Unfair Competition Law – prohibits unfair competition by prohibiting, *inter alia*, any unlawful or unfair business acts or practices. The foregoing conduct by Defendants, as alleged, constitutes unlawful business actions and practices in violation of § 17200 *et seq.*

76. Pursuant to Business and Professions Code § 17200 *et seq.*, Plaintiff and the California Class members are entitled to: restitution of the overtime earnings and other unpaid wages and premiums alleged herein that Defendants have improperly withheld and retained during a period that commences four years prior to the filing of this action; a permanent injunction requiring Defendants to pay overtime and meal/rest premiums to all workers as defined herein; in California, an award of attorneys' fees pursuant to Code of Civil Procedure section 1021.5, and other applicable law; and costs.

## **PRAYER FOR RELIEF**

77. WHEREFORE, Plaintiff, on behalf of himself and all members of the Collective and California Classes, prays for relief as follows:

    A.    That the Court determine that this action may proceed as a class action under Rule 23(b)(1) and (3) of the Federal Rules of Civil Procedure;

    B.    That Defendants be found to have violated the overtime, meal/rest period, itemized wage statement/time records, failure to reimburse, and failure to timely pay wages penalty provisions of the California wage laws cited above as to the California Class;

    C.    That Defendants be found to have violated the overtime provisions of the FLSA as to Plaintiff and the Collective Class;

    D.    That Defendants be found to have violated the FLSA by failing to maintain accurate time records of all the hours worked by Plaintiff and the Collective Class;

    E.    That Defendants' violations be described above are found to be willful;

F. An award to Plaintiff and the California and Collective Classes for the amount of unpaid wages owed, liquidated damages and penalties where provided by state and federal law, and interest thereon, subject to proof at trial;

G. That Defendants be ordered and enjoined to pay restitution to Plaintiff and the California Class due to Defendants' unlawful activities, pursuant to California state law cited above;

H. That Defendants further be enjoined to cease and desist from unlawful activities in violation of state laws cited above;

I. That the Court grant declaratory relief stating that Defendants' scheme is unlawful;

J. For an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216, California Labor Code § 1194, and/or other applicable state laws; and

L. For such other and further relief, in law or equity, as this Court may deem appropriate and just.

DATED: July 1, 2015

**BRYAN SCHWARTZ LAW**

By: *[signature: Yi-Fan Everett]*

Bryan Schwartz (SBN 209903)
Yi-Fan C. Everett (SBN 301815)

*Attorneys for Plaintiff*

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff, individually and on behalf of all others similarly situated, demands a trial by jury.

DATED: July 1, 2015

**BRYAN SCHWARTZ LAW**

By: *Yifan Everett*

Bryan Schwartz (SBN 209903)
Yi-Fan C. Everett (SBN 301815)

*Attorneys for Plaintiff*

CLASS AND COLLECTIVE ACTION COMPLAINT

# EXHIBIT A

## CONSENT FORM AND DECLARATION

I hereby consent to join a lawsuit against Genuine Parts Company and Napa Auto Parts ("GPC & NAPA") as a Plaintiff to assert claims against them for violations of the wage and hour laws of the United States and/or the state(s) where I worked for GPC & NAPA. During the past three years, there were occasions when I worked over 40 hours per week for GPC & NAPA and did not receive overtime compensation.

I worked for GPC & NAPA as an
- ☑ Executive Management Trainee
- ☐ Other (Specify Title: _____)

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

_[signature]_  06/23/15
Signature          Date

Sean Mar
Print Name

**Fax or Mail To:**

**Bryan Schwartz Law**
**1330 Broadway, Suite 1630**
**Oakland, CA 94612**
**FAX (510) 444-9301**

GPC Fresno CA
Location(s) Worked (City/State)

**CONSENT AND DECLARATION**