UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN MAR, individually and on behalf of others similarly situated, and on behalf of the general public,<br><br>Plaintiff,<br><br>v.<br><br>GENUINE PARTS COMPANY and NAPA AUTO PARTS,<br><br>Defendants. | No.  2:15-cv-01405-MCE-AC<br><br><br><br><br>**MEMORANDUM AND ORDER** |

Before the Court is Plaintiff Sean Mar's Unopposed Motion for Settlement Approval.  ECF No. 29.  Plaintiff and Defendants Genuine Parts Co. and NAPA Auto Parts have agreed to settle Plaintiff's claims made under the Fair Labor Standards Act ("FLSA").  Under that settlement, Defendants are to pay $775,000 plus the cost of settlement administration and the employer's share of payroll taxes incurred on that award.  Furthermore, one third of that amount, as well as $7,225.90 in litigation expenses, is to be awarded to Plaintiff's counsel as attorney's fees.  These attorney's fees are unreasonably high, rendering the settlement not sufficiently fair and reasonable to be approved by the Court.  Accordingly, Plaintiff's motion is DENIED.

///

///

1

**FACTUAL AND LEGAL BACKGROUND**

Plaintiff Sean Mar brought this suit on behalf of himself and all those similarly situated against Genuine Parts Co. and NAPA Auto Parts on the basis that Executive Management Trainees ("EMTs") were misclassified as non-exempt, and were therefore denied statutory protections and wages afforded to hourly employees.  After negotiations before a mediator, the parties agreed on a settlement under the Fair Labor Standards Act, 29 U.S.C. § 216(b).  An employee may settle and waive claims under the FLSA if the parties present to a district court a proposed settlement agreement, and the district court enters a judgment approving the settlement.  Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982).  The FLSA also requires that class members opt into any settlement.  See 29 U.S.C. § 216(b) ("No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.").  Ninety-four of Defendants' 100 EMTs opted into the settlement.

Under the terms of the agreement, Defendants are to pay $775,000, disbursed among the 94 opt-in class members.  Attorney's fees would be paid in the amount of 33.3% of this $775,000 ($258,333.33). The remaining funds would be apportioned such that each of the 94 EMTs would receive $5,236.07.  Named Plaintiff Mar would receive an enhancement of $7,500 for his time and effort in bringing the case.  Similarly, three pre-settlement opt-ins would receive enhancements of $2,500.  NAPA also agreed to re-classify EMTs as non-exempt going forward.

Before approving an FLSA settlement, the court must scrutinize it to determine if it is "a fair and reasonable resolution of a bona fide dispute." Lynn's Food Stores, 679 F.2d at 1354–1355.  If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "to promote the policy of encouraging settlement of litigation." Id. at 1354.  "Where a proposed settlement of FLSA claims includes the payment of attorney's fees, the court must also assess the

reasonableness of the fee award." Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 336 (S.D.N.Y. 2012); accord Selk v. Pioneers Mem'l Healthcare Dist., 159 F. Supp. 3d 1164, 1180 (S.D. Cal. 2016).

In the Ninth Circuit, 25% is considered the "benchmark" for determining whether attorney's fees are reasonable when they are based on a percentage of the award. See In re Bluetooth Headset Prods. Liability Litig., 654 F.3d 935, 942 (9th Cir. 2011) ("[C]ourts typically calculate 25% of the fund as the "benchmark" for a reasonable fee award."). "[H]owever, such fee awards range from 20 percent to 30 percent of the fund created." Paul, Johnson, Alston & Hunt v. Graulty, 886 F.2d 268, 272 (9th Cir. 1989). Fees as high as 33.3% have also been awarded. See, e.g., Barbosa v. Cargill Meat Sols. Corp., 297 F.R.D. 431, 448 (E.D. Cal. 2013) (collecting six Eastern District of California cases where 33.3% was approved in support of the proposition that "[t]he typical range of acceptable attorneys' fees in the Ninth Circuit is 20 percent to 33.3 percent of the total settlement value"). If attorney's fees deviate from the 25% benchmark, "it must be made clear by the district court how it arrives at the figure ultimately awarded." Graulty, 886 F.2d at 272; see also Gribble v. Cool Transps. Inc., No. CV 06-04863 GAF (SHx), 2008 WL 5281665, at *11 (C.D. Cal. Dec. 15, 2008) (applying Graulty in an FLSA case).

When analyzing a proposed settlement, the settlement is considered as a whole and the Court does not "have the ability to 'delete, modify or substitute certain provisions.'" Hanlon v. Chrysler Corp., 150 F.3d 1011, 1026 (9th Cir. 1998) (quoting Officers for Justice v. Civil Serv. Comm'n, 668 F.2d 615, 630 (9th Cir. 1982)). "The settlement must stand or fall in its entirety." Id.; see also Selk v. Pioneers Mem. Healthcare Dist., 159 F. Supp. 3d 1164, 1177 (S.D. Cal. 2016) (quoting Hanlon's "entirety" language in the FLSA context).

///

///

///

## ANALYSIS

In this case, the parties have provided little evidence to determine whether a bona fide dispute exists between Plaintiff and Defendants.  Almost all of the motions made to this Court were by stipulation and the only adversarial documents are the Complaint, ECF No. 1, and the Answer, ECF No. 5.  In the Answer, though, Defendants assert that several white-collar exemptions to the FLSA apply to EMTs and that therefore EMTs were not misclassified as exempt.  Answer, at 29–29.  The Court finds this disagreement over the application of the FLSA to EMTs sufficient to establish the existence of a bona fide dispute, making settlement of Plaintiff's claims appropriate.  See Officers for Justice v. Civil Serv. Comm'n, 688 F.2d 615, 625 (9th Cir. 1982) ("The district court's role in evaluating a proposed settlement . . . must be limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreach by, or collusion between, the negotiating parties . . . .")

Though the total award secured by Plaintiff's counsel on behalf of Plaintiff and the other EMTs who opted into the settlement might be fair and reasonable, the attorney's fees are too high for the Court to approve the settlement.  Plaintiff's counsel seeks an award of 33.3% of the fund secured on behalf of the FLSA class, a significant upward departure from the 25% benchmark for attorney's fees in the Ninth Circuit and outside the ordinary range of 20%–30%.

Plaintiff justifies the high award of attorney's fees in part based on comparison to a lodestar analysis.  See Unopposed Mot. for Settlement Approval, at 25–26.  While it is appropriate for courts to use the lodestar as a cross-check on the reasonableness of attorney's fees, see Vizcaino v. Microsoft Corp., 290 F.3d 1043, 1050 (9th Cir. 2002), the hourly rates provided by Plaintiff's counsel fall outside the norms for the Eastern District of California and therefore do no support an award of 33.3%.  In making his lodestar cross-check, Plaintiff's counsel used a rate of $650 per hour for his work as principal of his firm, $350 and $400 per hour for associates, $200 per hour for law clerks and legal

assistants, and $150 per hour for administrative support. Decl. of Bryan J. Schwartz, ECF No. 29-1, ¶¶ 15, 18. In the Eastern District of California, these rates are well above the usually accepted rates. See, e.g., Millan v. Cascade Water Servs., Inc., No. 1:12-cv-01821-AWI-EPG, 2016 WL 3077710, at *12 (E.D. Cal. Jun. 2, 2016) (rejecting $725 per hour for a partner and $610 per hour for an associate in favor of $375 per hour and $325 per hour, respectively); Ontiveros v. Zamora, 303 F.R.D. 356, 373–74 (E.D. Cal. 2014) (rejecting $650 per hour and $495 per hour for partners and between $325 per hour and $425 per hour for associates in favor of $400 per hour for partners and $175 per hour for associates); Khanna v. Intercon Sec. Sys., Inc., No. 2:09-CV-2214 KJM EFB, 2014 WL 1379861, at *15 (E.D. Cal. Apr. 8, 2014) (approving $300 per hour for partners, $200 per hour for associates, and $100 per hour for legal assistants); Adoma v. Univ. of Phoenix, Inc., 913 F. Supp. 2d 964, 984 (E.D. Cal. 2012) (approving $425 per hour for principals); Murillo v. Pac. Gas & Elec. Co., No. CIV. 2:08-1974 WBS GGH, 2010 WL 2889728, at *11 (E.D. Cal. Jul. 21, 2010) ($300 per hour for a principal).

Plaintiff fails to provide any explanation for why such high fees are appropriate in this particular case. He generally avers that his firm engaged in "exhaustive research" and "substantial written discovery" of "thousands of pages of documents," Decl. of Bryan J. Schwartz, ¶ 2, but few motions were filed with the Court and the parties arrived at the settlement after only one full day of negotiations.[1] Furthermore, Plaintiff provides no evidence that this case was exceptionally difficult or novel. Plaintiff's counsel does provide, though, cases in other districts where his proffered rates were accepted by courts. Id. ¶ 15(c). But those cases have little bearing on the reasonableness of attorney's fees in this district. See Chalmers v. City of Los Angeles, 796 F.2d 1205, 1210–11 (9th Cir. 1986) ("[T]he district court should be guided by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." (emphasis added) (citing Blum v. Stenson, 465 U.S. 886, 895 n.11

---

[1] Plaintiff's counsel's claim of "several additional months of arms'-length negotiations" to arrive at the full settlement document, Decl. of Bryan J. Schwartz, ¶ 4, is similarly lacking in specifics.

(1983))). Based on the record before the Court, rates of $425 per hour for principals and $225 per hour for associates are more appropriate in this case. And applying these rates to the hours worked by Plaintiff's counsel, Plaintiff's lodestar argument for departure from the 25% benchmark in favor of a 33.3% award of attorney's fees becomes wholly unavailing.

This leaves only Plaintiff's arguments (1) that the high attorney's fees award is reasonable because the 94 class members opted into the class and (2) that Defendants' agreement to pay the employer's share of payroll taxes on the payout and to reclassify the EMTs renders the fees "far less than the one-third of the real value of the relief obtained." Unopposed Mot. for Settlement Approval, at 18. First, though the 94 class members opting into the settlement is a factor in favor of approving the settlement, it alone does not justify an award of 33.3%. Second, payment of the employer's share of payroll taxes only modestly increases the monetary value of the settlement and Plaintiff fails to provide any estimate of the value of the injunctive relief obtained that would allow the Court to determine the "real value" of the award. Thus, Plaintiff has not shown that the attorney's fees are sufficiently fair and reasonable, and the settlement must be rejected.[2]

///
///
///
///
///
///
///

---

[2] Given Plaintiff's relatively bare arguments in favor of accepting the proposed attorney's fees, Plaintiff appears to rely mainly on an assertion that, unlike in a Rule 23 class settlement, an FLSA settlement incurs "no similar obligation to review the fee award." Unopposed Mot. for Settlement Approval, at 18–19. This argument is belied by the very text of the FLSA: "The Court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b) (emphasis added).

**CONCLUSION**

For the reasons provided above, Plaintiff's Unopposed Motion for Settlement Approval, ECF No. 29, is DENIED.

IT IS SO ORDERED.

Dated:  January 5, 2017

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE