UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN MAR, individually and on behalf of others similarly situated, and on behalf of the general public,<br><br>Plaintiff,<br><br>v.<br><br>GENUINE PARTS COMPANY and NAPA AUTO PARTS,<br><br>Defendants. | No. 2:15-cv-01405-MCE-AC<br><br><br><br>**MEMORANDUM AND ORDER** |

Before the Court is Plaintiff Sean Mar's Unopposed Motion for Amended Settlement Approval. ECF No. 37. Plaintiff and Defendants Genuine Parts Co. and NAPA Auto Parts have agreed to settle Plaintiff's class claims made under the Fair Labor Standards Act ("FLSA"). The Court rejected the parties' first settlement agreement due to the unreasonableness of its attorney's fees. ECF No. 36. The amended settlement reduces the amount of attorney's fees to 25% of the common fund provided for the FLSA class. The Court finds the amended settlement sufficiently fair and reasonable, and Plaintiff's motion is GRANTED.

///

///

///

1

**BACKGROUND**

Plaintiff Sean Mar brought this suit on behalf of himself and all those similarly situated against Genuine Parts Co. and NAPA Auto Parts on the basis that Executive Management Trainees ("EMTs") were misclassified as non-exempt, and were therefore denied statutory protections and wages afforded to hourly employees. After negotiations before a mediator, the parties agreed on a settlement under the Fair Labor Standards Act, 29 U.S.C. § 216(b). An employee may settle and waive claims under the FLSA if the parties present to a district court a proposed settlement agreement, and the district court enters a judgment approving the settlement. Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982). The FLSA also requires that class members opt into any settlement. See 29 U.S.C. § 216(b) ("No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."). Ninety-four of Defendants' 100 EMTs opted into the settlement.

Under the terms of the agreement, Defendants are to pay $775,000, disbursed among the 94 opt-in class members. Attorney's fees would be paid in the amount of 25% of this $775,000 ($193,750). The remaining funds would be apportioned such that each of the 94 EMTs would receive $5,623.13—an increase of $687.06 (about 7.4%) over the original settlement. Named Plaintiff Mar would receive an enhancement of $7,500 for his time and effort in bringing the case. Similarly, three pre-settlement opt-ins would receive enhancements of $2,500. NAPA also agreed to pay the cost of settlement administration and the employer's share of payroll taxes, as well as to re-classify EMTs as non-exempt going forward.

///
///
///
///

# STANDARD

Before approving an FLSA settlement, the court must scrutinize it to determine if it is "a fair and reasonable resolution of a bona fide dispute." Lynn's Food Stores, 679 F.2d at 1354–1355. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "to promote the policy of encouraging settlement of litigation." Id. at 1354. "Where a proposed settlement of FLSA claims includes the payment of attorney's fees, the court must also assess the reasonableness of the fee award." Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 336 (S.D.N.Y. 2012); accord Selk v. Pioneers Mem'l Healthcare Dist., 159 F. Supp. 3d 1164, 1180 (S.D. Cal. 2016).

In the Ninth Circuit, 25% is considered the "benchmark" for determining whether attorney's fees are reasonable when they are based on a percentage of the award. In re Bluetooth Headset Prods. Liability Litig., 654 F.3d 935, 942 (9th Cir. 2011). "[H]owever, such fee awards range from 20 percent to 30 percent of the fund created." Paul, Johnson, Alston & Hunt v. Graulty, 886 F.2d 268, 272 (9th Cir. 1989). Fees as high as 33.3% have also been awarded. See, e.g., Barbosa v. Cargill Meat Sols. Corp., 297 F.R.D. 431, 448 (E.D. Cal. 2013) (collecting six Eastern District of California cases where 33.3% was approved in support of the proposition that "[t]he typical range of acceptable attorneys' fees in the Ninth Circuit is 20 percent to 33.3 percent of the total settlement value"). If attorney's fees deviate from the 25% benchmark, "it must be made clear by the district court how it arrives at the figure ultimately awarded." Graulty, 886 F.2d at 272; see also Gribble v. Cool Transps. Inc., No. CV 06-04863 GAF (SHx), 2008 WL 5281665, at *11 (C.D. Cal. Dec. 15, 2008) (applying Graulty in an FLSA case).

///

///

///

///

**ANALYSIS**

The Court has already held that this case involves a bona fide dispute over the existence and extent of Defendants' FLSA liability. Mem. & Order, at 4. Nothing has changed to upset that finding. Thus, the Court turns to the terms of the settlement itself to determine whether it reflects "a reasonable compromise over [disputed] issues." Lynn's Food Stores, 679 F.2d at 1354.

Plaintiff estimates that full relief would constitute $884,385.33, and accordingly, the settlement represents 87.6% of full relief. Given the uncertainty and costs of litigation, a recovery of over 80% of full relief makes settlement approval appropriate. Furthermore, 94% of class members affirmatively opted in to the settlement, demonstrating the class members' approval of its terms. The Court also finds the enhancements of $7,500 and $2,500 for those who opted in to the case pre-settlement reasonable to compensate them for their time and effort in bringing this case. See generally, Staton v. Boeing Co., 327 F.3d 938, 976–77 (9th Cir. 2003) (collecting cases approving the receipt of incentive awards to named plaintiffs).

Finally, the Court also finds the revised attorney's fees fair and reasonable. A 25% award is the benchmark for determining the reasonableness of attorney's fees. Additionally, a 25% award ($193,750) tracks closely with the attorney's fees resulting from the lodestar method using rates typical to this district ($194,812.50). See Mem. & Order, ECF No. 36, at 6 (finding "rates of $425 per hour for principals and $225 per hour for associates" typical to the Eastern District of California). Thus, the settlement taken as a whole is both fair and reasonable and is accordingly approved.

///
///
///
///
///

**CONCLUSION**

For the reasons provided above, Plaintiff's Unopposed Motion for Settlement Approval, ECF No. 37, is GRANTED.

IT IS SO ORDERED.

Dated: April 25, 2017

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE